RUDISAILE v. BRACE, Gdn.

No. 31171. Oct. 26, 1943.

Rehearing Denied Nov. 23, 1943.

*142 P. 2d 986.*

M. A. Cox and William A. Vassar, both of Chandler, for plaintiff in error.

Embry & Sutton, of Chandler, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the district court of Lincoln county, annulling and setting aside a marriage contract between Fannie Baughman and W. J. Rudisaile, who were united in a ceremonial marriage on November 13, 1941. The action was brought by Nora Brace, guardian of Fannie Baughman, incompetent, for whom Jesse Berry was substituted in this court, hereinafter referred to as plaintiff, against W. J. Rudisaile, hereinafter referred to as defendant.

The record shows that at the time of said marriage Fannie Baughman was of the age of 68 years and W. J. Rudisaile was of the age of 82 years. On November 17, 1941, the guardian, Nora Brace, filed a petition in the district court against W. J. Rudisaile, asking that the marriage be set aside and held to be void on the ground that Fannie Baughman was incapable of contracting marriage and that the marriage was illegal. The defendant filed a demurrer to the petition alleging misjoinder and being insufficient to state a cause of action, which being overruled, the defendant filed his answer, admitting the existing guardianship at the time of marriage, but denying the incompetency of Fannie Baughman at the time of the marriage, and alleging that the guardian, a sister-in-law of the ward, was appointed for the specific purpose of managing the property of the ward and not on account of general mental incompetency, and asserting the validity of the marriage.

A demurrer to defendant's answer being overruled, the plaintiff filed a reply denying the allegations of the answer. Upon the hearing of the petition to annul the marriage, the plaintiff introduced her evidence and rested, and the defendant demurred to the evidence of the plaintiff as being insufficient to substantiate the allegations of the petition or to show that Fannie Baughman was incapable mentally, or otherwise, to enter into a marriage contract as alleged. The plaintiff then moved the court to dismiss the answer of the defendant on the grounds that it did not constitute a defense to the relief sought by the petition. Thereupon, the court overruled the demurrer of defendant to plaintiff's evidence, and sustained the motion of plaintiff for judgment, holding in effect that defendant's answer did not state a defense to plaintiff's cause of action. After a motion for new trial was overruled and judgment entered, the defendant has appealed. The parties will be referred to as in the trial court.

The plaintiff urged, and the trial court held, that, since Fannie Baughman had been declared incompetent by

the county court, and a guardian had been appointed for her person and estate, and since defendant's answer admitted the existence of said guardianship, the pleadings disclosed the invalidity of the alleged marriage, and the answer, raising the issue of competency of Fannie Baughman to enter into the marriage relation, did not constitute a defense to plaintiff's cause of action. In other words, the court declined to hear defendant's evidence as to the competency of Fannie Baughman, holding that the adjudication of incompetency by the county court in the guardianship proceeding was conclusive of the question.

In so holding, the court erred. Ross v. Ross, 175 Okla. 633, 54 P. 2d 611. Therein we said:

"If the marriage was valid, it became so by virtue of the ceremony November 7, 1922, or by ratification after Motto's restoration November 7, 1923. If the marriage was void, it became so by statutory edict or by plaintiff's insanity in fact.

"The parties were of legal age and willing and statutory formalities were complied with, but was Motto disqualified, as a matter of law, because he was an adjudicated incompetent and under the restraints of active guardianship at the time of the ceremony? We answer this question in the negative. If marriage be viewed as an ordinary contract, and if full sway be accorded the literal terms of section 9404, plaintiff was shorn of power to marry between October 31, 1919, and November 7, 1923. Doubtless the guardian's power was exclusive in the field of common contracts concerning money and property. . . .

"Clearly the guardian must be free to act, without conflict or hindrance in all matters in which he is capable of acting, but his broad powers and duties necessarily falter at the gates of matrimony, whether it be designated a 'contract' or 'a personal relation arising out of a civil contract.' A prohibited marriage was considered in Hunt v. Hunt, 23 Okla. 490, 100 P. 541, and it was held that marriage 'differs to such an extent from all other contracts in

its consequences to the parties and to the public that the rule that prohibited and penalized contracts are void does not apply thereto.' . . .

"Legislative provisions concerning contracts pertain primarily to property and property rights and do not invalidate marriage contracts. Especially is this true where the Legislature, in another chapter, has dealt with restrictions on marriage. Roether v. Roether [180 Wis. 24] 191 N. W. 576; 28 A. L. R. 631; 25 R. C. L. 1010; L. R. A. 1916C, 701-2."

See, also, In re Nitey's Estate, 175 Okla. 389, 53 P. 2d 215, although distinguishable.

The statutes of Oklahoma specifically provide when marriage contracts may be declared void by the court. Tit. 12, sec. 1283, O. S. 1941, provides:

"When either of the parties to a marriage shall be incapable, from want of age or understanding, of contracting such marriage, the same may be declared void by the district court in an action brought by the incapable party or by the parent or guardian of such party. . . ."

The trial court having rendered judgment for the plaintiff on the testimony of the plaintiff alone and on an erroneous theory of law, and having denied the defendant the right to produce testimony in answer thereto, we are of the opinion that the cause should be reversed for a new trial.

Reversed.

GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., absent.